UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROLAND WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CAUSE NO. 1:04-CV-164-TLS |
| | ) |
| JOHN VANNATTA, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Roland Williams, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with two prison disciplinary hearings. He asserts that a prison disciplinary board found him guilty of unauthorized transfer of property to another inmate, and that another disciplinary board found him guilty of being an habitual rule violator.

In disciplinary case number MCF 03-06-0166, the board found Mr. Williams guilty of loaning or providing unauthorized transfer of property to another prisoner. The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Because the loss of good time credits increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). But the Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration

of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998).

The respondent submitted the complete record in case number MCF 03-06-0166. This record establishes that the Conduct Adjustment Board ("CAB") did not deprive Mr. Williams of earned credit time. The sanction imposed was a "written reprimand specifically: 'Do not loan out books.'" (Respondent's exhibit D1). Because Mr. Williams was only verbally reprimanded, he has not suffered a sanction that is actionable under U.S.C. § 2254.

Mr. Williams also challenges the finding of guilt in institutional case number MCF 03-06-0313 in which he was charged with being an habitual rule violator. The CAB found that he was an habitual rule violator and imposed a loss of 120 days of earned credit time. The respondent argues that Mr. Williams's petition should be denied because he did not exhaust his Indiana Department of Correction administrative ("IDOC") remedies as required by *Markham v. Clark,* 978 F.2d 993 (7th Cir. 1992). Alternatively, he argues that the petition should be denied on the merits.

In his Traverse, Mr. Williams concedes that he did not file a timely appeal in MCF 03-06-0313. Mr. Williams filed an untimely appeal three months late (respondent's Exhibit I), but "his belated appeal to seek correction of fundamental error was not reviewed." (Traverse at pp. 3-4).

Claims not raised in available state proceedings are procedurally defaulted and unavailable as grounds for habeas corpus relief. Before seeking habeas relief, an Indiana prisoner must exhaust his IDOC administrative remedies, thereby giving the State an opportunity to decide issues before they are presented to the federal courts. *Markham v. Clark*, 978 F.2d 993 at 994. Because Mr. Williams did not file a timely appeal of the CAB decision in MCF 03-06-0313 he committed procedural default and this court may not review the proceedings in that case.

For the foregoing reasons, the court the court DENIES this petition.

SO ORDERED on January 19, 2006.

                                                       /s/ Theresa L. Springmann  
                                                THERESA L. SPRINGMANN  
                                                UNITED STATES DISTRICT COURT